

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

December 9, 1966

Honorable Coke R. Stevenson, Jr.    Opinion No. C-787
Administrator
Texas Liquor Control Board          Re: Whether the terms "con-
Austin, Texas                            victed", "conviction",
                                         or "finally convicted"
                                         as used in the cited pro-
                                         visions of the Texas
                                         Liquor Control Act, mean
                                         and include a conviction
                                         where the sentence is pro-
                                         bated under the terms of
                                         Art. 42.12 or Art. 42.13
                                         of the Code of Criminal
Dear Mr. Stevenson:                      Procedure.

        Your letter requesting an opinion of this office reads
as follows:

        "Section 11, (1) of Article I of the
    Texas Liquor Control Act provides as fol-
    lows:

            'Section 11.  The Board or Ad-
        ministrator may refuse to issue a
        permit . . . to any applicant . . .
        if it has reasonable grounds to be-
        lieve and finds any of the following
        to be true: (1).  That the applicant
        has been <u>convicted</u> in a court of compe-
        tent jurisdiction for a violation of
        any provision of this Act during the
        two (2) years next preceding the filing
        of his application, or that two (2)
        years has not elapsed since the termi-
        nation of any sentence, by pardon or
        otherwise, imposed upon the applicant
        upon <u>conviction</u> for a felony. . . .'

        "Section 12, (1), (24) and (29) of Ar-
    ticle I of the Texas Liquor Control Act
    provides as follows:

-3774-

'Section 12. The Board or Administrator may cancel . . . any permit . . . if it is found that any of the following is true: (1). That the permittee has at any time been convicted for a violation of any provision of this Act. . . . (24). That the permittee has been finally convicted of a felony during the period he is the holder of any permit or renewal thereof. . . . (29). In addition to the causes for cancellation or suspension hereinbefore set out, the Board or Administrator may cancel or suspend the permit of any person upon satisfactory proof that the permittee has been finally convicted of any penal provision of this Act. . . .'

"Section 17, (30) of Article I of the Texas Liquor Control Act provides as follows:

'Section 17. ... (30) If any person, while holding a permit, shall be finally convicted of a felony, the Board or Administrator may cancel any permits held by such person upon satisfactory proof of such conviction. . . .'

"Section 5, 2 (f) of Article II of the Texas Liquor Control Act provides as follows:

'Section 5. ... The County Judge shall refuse to approve the application for such license if he has reasonable grounds to believe and finds any of the following to be true: . . . 2. If a Distributor or Retailer: . . . (f). That the applicant has been finally convicted of a felony during the two (2) years next preceding the filing of his application; . . .'

"Section 5, 3, (a) and (b) of Article II of the Texas Liquor Control Act provides as follows:

'Section 5. ... 3. The County Judge may refuse to issue a Distributor's or Retailer's license to any applicant if he has reasonable grounds to believe and finds any of the following to be true: (a). That the applicant has been finally convicted in a court of competent jurisdiction for the violation of any provision of this Act during the two (2) years next preceding the filing of his application; or, (b). That two (2) years has not elapsed since the termination, by pardon or otherwise, of any sentence imposed upon conviction for a felony; . . .'

"Section 19, A, (25) and (29) of Article II of the Texas Liquor Control Act provides as follows:

'Section 19: The Board or Administrator may cancel . . . , any license . . . , upon finding that the licensee has: A. If a Retail Dealer's Off-Premise License or a Retail Dealer's On-Premise License: . . . (25). Has been finally convicted of a felony during the period he is the holder of any license or any renewal thereof; . . . (29). Has been finally convicted for the violation of any penal provisions of this Act; . . .'

"Section 19, B, (16) and (17) of Article II of the Texas Liquor Control Act provides as follows:

'Section 19. The Board or Administrator may cancel . . . , any license . . . , upon finding that the licensee has: B. If a General Distributor's License, Local Distributor's License or a Branch Distributor's License: . . . (16). Has been finally

> convicted of a felony during the period
> he is the holder of any license or any
> renewal thereof; or (17). Has been
> finally convicted for the violation of
> any penal provisions of this Act. . . .'

"Our question is do the terms 'convicted,'
'conviction,' or 'finally convicted' as used
in the above quoted provisions of the Texas
Liquor Control Act mean and include a convic-
tion where the sentence is probated under
the terms of Article 42.12 or Article 42.13
of the Code of Criminal Procedure of the State
of Texas?"

Article 42.12, Vernon's Code of Criminal Procedure,
authorizes, under certain circumstances, the suspension of
sentence and placing on probation of a defendant convicted
of a felony. Article 42.12, A, Section 1(b), defines "pro-
bation" as follows:

> "b. 'Probation' shall mean the release
> of a convicted defendant by a court under
> conditions imposed by the court for a speci-
> fied period during which the imposition of
> sentence is suspended; . . ."

Article 42.12 B, Section 3, provides as follows:

> "Sec. 3. The judges of the courts of
> the State of Texas having original juris-
> diction of criminal actions, when it shall
> appear to the satisfaction of the court
> that the ends of justice and the best in-
> terests of the public as well as the defen-
> dant will be subserved thereby, shall have
> the power, after conviction or a plea of
> guilty for any crime or offense, where the
> maximum punishment assessed against the de-
> fendant does not exceed ten years imprison-
> ment, to suspend the imposition of the sen-
> tence and may place the defendant on proba-
> tion or impose a fine applicable to the of-
> fense committed and also place the defendant
> on probation as hereinafter provided. Any
> such person placed on probation, whether in
> a trial by jury or before the court, shall
> be under the supervision of such court."

Section 7 of Article 42.12 provides:

"At any time, after the defendant has
satisfactorily completed one-third of the
original probationary period or two years
of probation, whichever is the lesser, the
period of probation may be reduced or termi-
nated by the court. Upon the satisfactory
fulfillment of the conditions of probation,
and the expiration of the period of proba-
tion, the court, by order duly entered, shall
amend or modify the original sentence im-
posed, if necessary, to conform to the pro-
bation period and shall discharge the defen-
dant. In case the defendant has been con-
victed or has entered a plea of guilty or
a plea of nolo contendere, and the court has
discharged the defendant hereunder, such
court may set aside the verdict or permit
the defendant to withdraw his plea, and
shall dismiss the accusation, complaint, in-
formation or indictment against such defen-
dant, who shall thereafter be released from
all penalties and disabilities resulting
from the offense or crime of which he has
been convicted or to which he has pleaded
guilty, except that proof of his said con-
viction or plea of guilty shall be made
known to the court should the defendant
again be convicted of any criminal offense."

Section 8 of Article 42.12 provides in part:

"At any time during the period of pro-
bation the court may issue a warrant for
violation of any of the conditions of the
probation and cause the defendant to be ar-
rested. Any probation officer, police of-
ficer or other officer with power of arrest
may arrest such defendant without a warrant
upon the order of the judge of such court
to be noted on the docket of the court. A
probationer so arrested may be detained in
the county jail or other appropriate place
of detention until he can be taken before
the court. Such officer shall forthwith
report such arrest and detention to such
court. Thereupon, the court shall cause the

defendant to be brought before it and after
a hearing without a jury, may either con-
tinue or revoke the probation and, if proba-
tion is revoked, shall proceed to dispose of
the case as if there had been no probation."

It is apparent, from a reading of Sections 7 and 8 cited
immediately above, that the framers of the Adult Probation Law
did not intend that a conviction be final where the sentence
is probated unless and until the probation is revoked.

Analysis of the Texas Liquor Act indicates that the Legis-
lature used the words "convicted," "conviction" and "finally
convicted" interchangeably and did not intend to attach a sepa-
rate or distinct legal meaning to the use of any one of the
words.

This opinion will not address itself to the question
presented by Article I, Section 11(2) and Article II, Section
5, 3(b) since these provisions are not pertinent to your ques-
tion as it would not arise under the terms of Article 42.12
or Article 42.13 of Vernon's Code of Criminal Procedure.

Therefore, it is the opinion of this office that since
the words "convicted," "conviction" and "finally convicted"
as used in the Texas Liquor Control Act refer to a final con-
viction, there is no automatic suspension of a liquor license
when there is a conviction and the sentence is probated under
the terms of Article 42.12 unless and until the probation is
revoked and the court enters judgment on the finding of guilty
in accordance with the terms of Article 42.12, Section 8.

Article 42.13, Vernon's Code of Criminal Procedure,
governs the placing of a defendant on probation in a misde-
meanor case. Section 4 of said Article provides:

"Sec. 4. (a) When a defendant is
granted probation under the terms of this
Act, the finding of guilt does not become
final, nor may the court render judgment
thereon, except as provided in Section 6
of this Article.

"(b) The court shall record the fact
and date that probation was granted on the
docket sheet or in the minutes of the court.
The court shall also note the period and
terms of the probation, and the details of the

judgment. The court's records may not reflect a final conviction, however, unless probation is later revoked in accordance with Section 6 of this Article."

Article 42.13, Section 6, provides:

"Sec. 6. (a) If a probationer violates any term of his probation, the court may cause his arrest by warrant as in other cases. The probationer upon arrest shall be brought promptly before the court causing his arrest and the court, upon motion of the state and after a hearing without a jury, may continue, modify, or revoke the probation as the evidence warrants.

"(b) On the date the probation is revoked, the finding of guilty becomes final and the court shall render judgment thereon against the defendant. The judgment shall be enforced as in other cases and the time served on probation may not be credited or otherwise considered for any purpose."

Since Article 42.13 makes no reference to the suspension of sentence in misdemeanor cases when probation has been granted, and furthermore, since Section 4 of said Article precludes the court from even entering judgment upon a finding of guilty except in the event probation is revoked as provided in Section 6 of that Article, it is the opinion of this office that the words "convicted," "conviction," and "finally convicted" as used in the Texas Liquor Control Act do not include a conviction where the defendant is placed on probation after being found guilty of a misdemeanor offense unless and until the probation is revoked as provided in Article 42.13, Section 6, Vernon's Code of Criminal Procedure.

### S U M M A R Y

It is the opinion of this office that the terms "convicted," "conviction," or "finally convicted" as used in the Texas Liquor Control Act do not include a conviction where the sentence is probated under the terms of Article

42.12, V.C.C.P. (felony conviction), or Article 42.13, V.C.C.P. (misdemeanor conviction), unless and until probation is revoked and the court enters judgment on the finding of guilty.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

DOUGLAS H. CHILTON
Assistant Attorney General

DHC/dt

APPROVED

OPINION COMMITTEE:

Howard M. Fender, Chairman
Sam L. Kelley
Robert E. Owen
Lonny F. Zwiener

APPROVED FOR THE ATTORNEY GENERAL
By  T. B. Wright